# WRIGLEY v. WYNNE.

Circuit Court, Dade County, Civil Appeal.

February 8, 1955.

---

Thomas S. Trantham, Jr., Evans, Mershon, Sawyer, Johnston & Simmons, Miami, for appellant.

---

Joseph F. Jennings, Dixon, DeJarnette & Bradford, Miami, for appellee.

STANLEY MILLEDGE, Circuit Judge.

I don't think that the plaintiff can recover on an express contract for it involves artistic taste and personal fancy. It was not subject to objective tests, 3 Williston on Contracts, page 1947. Since Mrs. Wynne was personally dissatisfied she should not be compelled to pay. The consequences of a personal satisfaction contract appear to be the same whether the contract is express, implied or constructive.

Treating the transaction as a quasi contract avails the plaintiff nothing because recovery is dependent on the value of the services to the defendant. Recovery depends on what the defendant has gained not on what the plaintiff has lost. 5 Corbin on Contracts, 480. The defendant did not use any of the plaintiff's furnishings and she did not use any of the plaintiff's ideas, so it cannot be said that the defendant is unjustly enriched if the plaintiff is not paid.

On no theory can there be a recovery. It follows that the defendant's motion for a directed verdict, at the conclusion of all the evidence, should have been granted.

The case is reversed with directions to enter judgment for the defendant with costs taxed against the plaintiff.